UNITED STATES TITLE GUARANTEE & INDEMNITY CO. v. ROYAL et al.

(Supreme Court, Appellate Term.   March 24, 1904.)

1. APPEAL—EVIDENCE—EXHIBITS—RECORD.

Where, on appeal, it appeared that plaintiff's cause of action was based on written exhibits offered in evidence, but not attached to the record, and it did not appear on what the judgment in favor of plaintiff was based, judgment for plaintiff will be reversed.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the United States Title Guarantee & Indemnity Company against Henry Royal and another. From a judgment in favor of plaintiff, defendant Royal appeals. Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Frederick H. Cox, for appellant.

Adolph C. Hottenroth, for respondent.

PER CURIAM. The pleadings in this case were oral, and the plaintiff sued for "professional services." Judgment was rendered in favor of the plaintiff against the defendant Henry Royal, and dismissed as to the defendant Grace C. Royal. Henry Royal appeals. Although it appears from the record that several exhibits were offered and received in evidence, not one is attached to the record, nor are the contents of such exhibits shown in any way. The plaintiff, in his brief, states that his cause of action is based upon a written instrument executed by the defendant Henry Royal, authorizing the plaintiff, by its attorneys, to obtain a reduction of an assessment for a local improvement made by the city of New York, for which defendants' property was assessed; and the testimony taken shows that Henry Royal signed some writing, but such writing does not appear to have been offered in evidence, nor does it form part of the record. It is impossible to determine from the record upon what the judgment in favor of the plaintiff is based. If we take the return in its present form, the plaintiff clearly failed to make out his cause of action. It was a duty devolving upon the plaintiff's attorney to see that the record contained the exhibits, since upon the contents of such exhibits his right to sustain this judgment depends. This he has failed to do, and a new trial must be had.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.