NEW YORK CENTRAL RAILROAD COMPANY, Respondent, *v.* JOSEPH MUCZALSKI, Appellant.

County Court, Chautauqua County, March 1, 1935.

*Palmer, Rowe & Palmer [Murle Rowe* of counsel], for the appellant.

*John L. Hurlbert,* for the respondent.

OTTAWAY, J.   Counsel appear before the court without the necessity of notice of argument and without further moving papers. Counsel for the plaintiff moves for the dismissal of the appeal for failure to prosecute.   Counsel for the defendant, appellant, moves to set aside the return and for reversal of the judgment.

The facts are not in dispute.   It appears that the judgment was rendered largely upon the evidence contained in a voluminous bundle of exhibits which were presented by the plaintiff railroad company.   It is the recollection of the counsel that at the close of the trial these were left in the courtroom.   It is clear that they are not attached to the return on appeal and are evidently irretrievably lost.

The same question has been before the courts on frequent occasions so that the law is rather well developed.   Section 438 of the Justice Court Act (formerly section 3053 of the Code of Civil Procedure) contains the requirement that a return upon an appeal from an inferior court must contain all the proceedings including the evidence.   In the case of *United States Title Guarantee & Indemnity Co.* v. *Royal* (87 N. Y. Supp. 457) the Supreme Court at Appellate Term was passing upon an appeal from a judgment rendered in favor of the plaintiff in Municipal Court.   We quote excerpts from the opinion.   "Although it appears that several exhibits were offered and received in evidence, not one is attached

to the record, nor are the contents of the exhibits shown in any way  *  *  *. It was a duty devolving upon the plaintiff's attorney to see that the record contained the exhibits, since upon the contents of such exhibits his right to sustain this judgment depends. This he has failed to do."

Under similar circumstances the return was set aside in the case of *Dombek* v. *Karlson* (162 N. Y. Supp. 1106), and in the same case judgment was reversed because of lack of evidence to sustain it. (See *Dombek* v. *Karlson,* 164 N. Y. Supp. 349.)

It appears in the case before us that demand for those exhibits has been duly made by the defendant, appellant, and that the plaintiff is unable to produce them. Obviously the case cannot be presented on appeal without them and as defendant, appellant, has no responsibility for their loss he is entitled to an order setting aside the return of the lower court.

Judgment reversed and complaint dismissed, without costs to either party.